IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MINNIE A. LINDSAY and ARTHUR WALKER , on behalf of themselves and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CASE NO.:  07-859 |
| vs. | ) ) | Jury Trial Requested |
| AMERIQUEST MORTGAGE COMPANY, INC., | ) ) ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

NOW COME the Plaintiffs and as their Complaint against the above-named Defendant aver as follows:

### INTRODUCTION

1. These claims arise from real estate loan transactions resulting in mortgages on Plaintiffs' principal residences located in this District. Specifically, Plaintiffs' claims against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arise under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. 2601 et seq., in connection with the imposition of a "Loan Discount" fee for which no interest rate discount was given or bargained for in connection with their loans. A Loan Discount fee often called "points" or "discount points" is a one-time charge imposed by a lender to **lower** the interest rate at which the lender would otherwise offer the loan. Plaintiffs were charged exorbitant amounts denominated as "loan discount" fees on their HUD-1s but did not receive a concomitant reduction in their interest rate. Plaintiffs assert their claim individually and on behalf of a class of similarly situated individuals.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 12 U.S.C. §§ 2601 et seq. ("RESPA") and 28 U.S.C. § 1331. Venue is proper in this District in that the property upon which the mortgages were placed and the illegal charges incurred are located in this District. The Court has supplemental jurisdiction of Plaintiffs' state law claims for breach of contract pursuant to 28 U.S.C. § 1367.

## THE PARTIES

3. Plaintiff, Minnie A. Lindsay, is an individual who resides in a home, which she owns, located at 16050 John Bauer Rd., Summerdale, Baldwin County, Alabama.

4. Plaintiff, Arthur Walker, is an individual who resides in a home, which he owns, located at 4364 Binghamton Dr., Mobile, Mobile County, Alabama.

5. Defendant, Ameriquest Mortgage Company, Inc. ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## PLAINTIFFS' TRANSACTIONS

6. The mortgage loan transactions of Plaintiffs and the members of the Class described below were mortgage loan transactions pursuant to 12 U.S.C. §§ 2601 et seq. ("RESPA").

7. Plaintiffs and the members of the Class described below are entitled to have federally related mortgage transactions closed without charges being imposed for services not performed and without charges in excess of the amount allowed by RESPA.

8.  On January 23, 2007, Mr. Arthur Walker entered into a mortgage transaction with AMC. AMC charged Mr. Walker a loan discount fee of $1,260.00, an amount equal to 2.1% of his loan amount. Mr. Walker did not negotiate for a buy-down of the interest rate nor did he receive a lower interest rate in return for paying points.

9.  On December 15, 2006 Mrs. Minnie Lindsay entered into a mortgage transaction with AMC. AMC charged Mrs. Lindsay a loan discount fee of $680.00 an amount equal to .50% of her loan amount. Mrs. Lindsay did not negotiate for a buy-down of the interest rate nor did she receive a lower interest rate in return for paying points.

10. On information and belief the "Loan Discount" fees charged did not result in a lower interest rate for the borrowers.

### POLICIES AND PRACTICES COMPLAINED OF

11. The claims for which the Defendant is liable, arise under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 et seq.

12. Each of the Plaintiffs entered into agreements for mortgage loans from AMC. The loans were obtained in a consumer credit transaction and were primarily for personal, family or household purposes and the mortgages were all secured by the Plaintiffs' and the Class Members' respective dwellings.

13. RESPA requires the lender to provide the borrower a settlement statement which shall "conspicuously and clearly itemize all charges imposed upon the borrower…in connection with the settlement." 12 U.S.C. § 2603(a).

14.     The "loan discount fee" under line item 802 of the standard HUD-1 is often times called "points" or "discount points."  A loan discount is a one-time charge imposed by the lender to lower the rate at which the lender would otherwise offer a loan to a consumer.

15.     AMC disclosed to Plaintiffs and each Class Member the amount of a so-called "loan discount" fee on the HUD-1 settlement statements on each mortgage.

16.     AMC disguised unearned fees by calling them discount points on the HUD-1s. Although the HUD-1s showed an amount on line 802 as Loan Discount Points, they are in actuality bogus charges the purpose of which was to increase unearned compensation for AMC.

17.     RESPA prohibits unearned fees:  "No person shall give and no person shall accept any portion, split or percentage of any charge, made of received for the rendering of a real estate settlement service in connection with a transaction involving a federally related mortgage loan other than for services actually performed."  12 U.S.C. § 2607(b).

18.     The specific claims made by Plaintiffs are as follows:

        a.     AMC routinely charged loan discount points and performed no service for the fee in violation of section 8 of RESPA;

        b.     A charge by a person for which no or nominal services are performed, for which duplicative fees are charged or for which an unreasonable fee is charged is an unearned fee and is a violation of Section 8 of RESPA.  24 CFR 3500.14.

        c.     That AMC and Plaintiffs entered into a contract and that AMC's practice of charging Plaintiffs for points and not actually providing an interest rate discount or alternatively to charge for points when no agreement was made for points

constitutes a breach of contract.

## EQUITABLE ESTOPPEL, EQUITABLE TOLLING AND CLASS ACTION TOLLING OF LIMITATIONS PERIOD

19. A consumer reviewing his or her HUD-1 without the benefit of an AMC price list and rate sheet would be unable to determine that he or she had been overcharged for loan discount fees or the true purpose of the unearned fees.

20. AMC knowingly and actively misled the Plaintiffs and the Members of the Plaintiffs' Class from pursuing their claims by, among other things:

    a. Engaging in a scheme that was by its nature and design "self-concealing;"

    b. Knowingly and actively mischaracterizing and misrepresenting amounts paid for charges;

    c. Engaging in deception, fraud and taking unfair advantage of borrower's lack of understanding of loan terms.

21. Plaintiffs exercised reasonable diligence during their loan transactions and dealings with AMC and in reviewing of their loan documentation, they could not have, nor been reasonably expected to, uncover the true facts.

## CLASS ACTION ALLEGATIONS

22. This action is properly brought as a Plaintiff Class Action under Fed. R. Civ. P. 23. Plaintiffs propose, as the definition of the Class, the Class consist of all persons nationwide and within the territories of the United States who satisfy the following criteria:

    a. That obtained a mortgage loan from AMC that was secured by a first or second mortgage on residential real

        property used by them as their principal dwelling; and

    b.    Charged a fee for a "loan discount" for which no discount in the interest rate was received; and

    c.    The class period shall extend back to a date three (3) years prior to the filing of this suit.

23.    The Class Members are no numerous that individual joinder of all members is impractical.

24.    There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual Class Members and, in fact, the wrongs suffered and remedies sought by Plaintiffs and the other Class Members are identical, the only difference being the exact monetary amount to which each Class Member is entitled, as a matter of mere mathematical calculation. The principal common issues are:

    a.    The nature and extent of the predatory lending scheme;

    b.    Whether the Class Members' HUD-1 or HUD1-A Settlement Statements uniformly misrepresented the true nature of the "loan discount" fees charged and imposed on their loans;

    c.    Whether the predatory lending scheme violated RESPA;

    d.    Whether Defendant is liable to the Class Members for violations of RESPA;

    e.    The nature and extent of the remedies available to the Class Members under RESPA;

    f.    The nature and extent of the declaratory and injunctive relief available to the Class Members; and

     g.  Whether the actions complained of constitute a breach of contract.

25. The Plaintiffs' claims are typical of those of the members of the Class and are based on the same legal and factual theories.

26. The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have suffered substantial economic injury in their own capacity from the practices complained of and understand the nature of their duty as representatives of the Class, the nature and extent of their claims against Defendant and the relief available to them and the Class Members.  Neither Plaintiffs nor their counsel have any conflicting interests, which might cause them no to vigorously pursue this action.

27. Plaintiffs have retained counsel with extensive knowledge of RESPA and who is experienced in handling class actions and actions involving predatory lending and unlawful commercial practices.  Accordingly, the undersigned Counsel will provide adequate representation of the Plaintiffs and the Class.

28. Certification of a Plaintiff class under Fed. R. Civ. P. 23(b)(3) is also appropriate as to Defendant, in that common questions common to the Class predominate over any questions pertaining to individual Class Members and a Plaintiff class action is superior to other available methods for the fair and efficient adjudication of this controversy.  A Plaintiff class action will cause an orderly and expeditious administration of Class Members' claims and economies of time, effort and expense will be fostered and uniformity of decisions will be ensured.  Moreover, the individual Class Members are certain to be unaware of and ignorant of their rights and not in a position (either through experience or financially) to commence individual litigation against Defendant.  Expecting the Class Members to bring claims individually is unrealistic and unfeasible, which is evidenced by the fact that Congress specifically provided for class actions in

TILA and HOEPA.  The only practical means of rectifying these problems and providing wide spread relief is through class action procedure.

## COUNT I

### Violations of the Real Estate Settlement Procedures Act

29. Each preceding paragraph of this Complaint is hereby incorporated as if fully set forth herein.

30. AMC's predatory lending scheme violates RESPA at 12 U.S.C. § 2607.

31. The note and mortgage that each Plaintiff and Class Member entered into with AMC created a "federally related mortgage loan" as defined at 12 U.S.C. § 2602(1).

32. The section 802 charges listed on the HUD-1s were imposed for services that were not bona fide, not rendered, not paid or for nominal, unreasonable or duplicative services for which no fees were earned and for which no fees should have been imposed, all in violation of RESPA at 12 U.S.C. § 2607, and RESPA's implementing regulations, Regulation X, at 24 C.F.R. § 3500.14.

33. The HUD-1s were actually being used to conceal unearned charges and fees.

34. As a result of the RESPA violations above alleged, Plaintiffs and the Class have been damaged in an amount to be determined at a trial of this action, where they will seek all permissible damages, treble damages, costs and reasonable attorneys' fees.

## COUNT II

### Breach of Contract

35. Each preceding paragraph of this Complaint is hereby incorporated as if fully set forth herein.

36. The parties entered into a contract for a mortgage.

37. Defendant breached that contract by charging Plaintiffs a loan discount fee without actually providing a lower interest rate or other reasonable service in return.

## Prayer for Relief

**WHEREFORE**, on all asserted causes of action against Defendant, Plaintiffs pray for judgment against Defendant, as follows:

    a. For an Order appointing the undersigned counsel to act as interim Class Counsel pursuant to Fed. R. Civ. P. 23 to act on behalf of the putative Class before the determination of whether to certify the Class under Fed. R. Civ. P. 23(b)(3) is made;

    b. For an Order certifying that this action may be maintained as a Plaintiff class action, as defined above, under Fed. R. Civ. P. 23(a), 23(b), and 23(b)(3);

    c. For an Order appointing the Plaintiffs to act as representatives of the Class Members and the Class;

    d. For an Order appointing the undersigned counsel as Class Counsel;

    e. For an Order directing that reasonable notice of this Class action be given to all members of the Class at the appropriate time after discovery and dispositive motions have been resolved;

    f. For violating RESPA, an Order finding that the Defendant is liable as a matter of law to each member of the Class for actual damages; and

    g. For violating RESPA, an Order awarding treble damages to the

Class Members;

h. For a breach of contract, a judgment awarding damages to the Class Members;

i. For a permanent injunction enjoining Defendant, together with its officers, directors, employees, agents, partners or representatives, successors and any and all persons acting in concert with them or by agreement with them from directly or indirectly engaging in the wrongful acts and practices described above, all for the benefit of the Class Members; and

j. For an Order directing disgorgement or restitution against Defendant as to each Class Member and the imposition of an equitable constructive trust over such amounts for the benefit of the Class Members; and

k. A judgment of monetary damages against Defendant as to each Plaintiff for not only such prohibited or excess fees, but for all interest that has been contracted for or charged or paid by each of the Class Members, through the date of judgment or settlement and the value of such interest that is due and owing in the future; and

l. For a judgment of punitive damages against the Defendant in a sum that is fair and reasonable; and

m. For reasonable attorneys' fees as provided by law and statute; and

n. For pre-and-post judgment interest as provided by law in

amount according to proof at trial; and

o. For an award of costs and expenses incurred in this action; and

p. For such other and further relief as the Court may deem necessary and proper.

Respectfully Submitted,

/s/ James D. Patterson
James D. Patterson (PATTJ6485)
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, AL 36533-0969
(251) 990-5558 (voice)
(251) 990-0626 (fax)
jpatterson@alalaw.com

/s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr.(UNDEE6591)
Law Offices of Earl P. Underwood, Jr.
21 South Section Street
P.O. Box 969
Fairhope, AL 36533-0969
(251) 990-5558 (voice)
(251) 990-0626 (fax)
epunderwood@alalaw.com

/s/ Kenneth J. Riemer
Kenneth J. Riemer (RIEMR8712)
Attorney at Law
Post Office Box 1206
Mobile, Alabama   36633-1206
(251) 432-9212 (voice)
(251) 433-7172 (fax)
kjr@alaconsumerlaw.com

Plaintiffs request Trial by Jury.